IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No.: 21-cr-306-RJC |
| v. | ) |
| | ) Judge Robert J. Colville |
| BROCK COCHRAN, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER OF COURT

Robert J. Colville, United States District Judge

Before the Court is Defendant, Brock Cochran's, objections to his classification as a career offender within the Presentence Investigation Report ("PSR"). ECF No. 80. These objections have been fully briefed by the parties and are ripe for disposition. For the reasons that follow, Defendant's objections are overruled.

### I.   Background

On December 21, 2023, Defendant pled guilty to Counts I and II of the Indictment. ECF No. 72. Count I charges Defendant with attempt to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). Indictment, ECF No. 11. Count II charges Defendant with possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *Id.*

The United States Probation Office prepared a PSR on April 11, 2024, in which the Probation Office designated Defendant as a career offender. PSR, ECF No. 78. On April 23, 2024, Defendant filed his Position with Respect to Sentencing Factors in which he objected to his

1

classification as a career offender. ECF No. 80. The Government filed its response on May 13, 2024 (ECF No. 84), arguing in support of the career offender classification, and the Probation Office filed its Addendum to the PSR (ECF No. 85) on May 16, 2024, adopting the Government's arguments. The Court issued an Order on July 8, 2024 directing the parties to file supplemental briefs on the issue of Defendant's status as a career offender. ECF No. 97. The Government filed its Supplemental Brief (ECF No. 98) on July 26, 2024 and the Defendant filed his Supplemental Brief (ECF No. 99) on July 30, 2024. The Government filed its Response on July 31, 2024. ECF No. 100.

## II. Discussion

Defendant objects to the career offender classification contained in paragraph 57 of the PSR. Paragraph 57 provides that:

> [T]he defendant is a Career Offender, pursuant to the provisions of USSG § 4B1.1. The Defendant has two predicate offenses in the Allegheny County Court of Common Please (Possession with Intent to Deliver Cocaine at Docket No.: 2011-12328; and Aggravated Assault at Docket No.: CP 978-2020); therefore, the criminal history category is VI. USSG § 4B1.1(b).

PSR at ¶ 57.

Pursuant to the Sentencing Guidelines, a defendant is properly classified as a career offender if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Defendant raises no objections to the first and second requirements.

At issue, is the third requirement. Defendant argues that his prior conviction for aggravated assault is not a crime of violence and that his prior conviction for possession with intent to deliver cocaine is not a controlled substance offense. ECF No. 80.

The Sentencing Guidelines define a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is . . . aggravated assault." U.S.S.G. § 4B1.2(a).

A controlled substance offense is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense; or (2) is an offense described in 46 U.S.C. § 70503(a) or § 70506(b)." U.S.S.G. § 4B1.2(b).

**A. Crime of Violence**

The Court will begin with determining whether Defendant's prior conviction for aggravated assault, under 18 Pa. C.S. § 2702(a)(4), is a crime of violence. Defendant argues that it is not a crime of violence because he was convicted under an accomplice liability theory for aiding and abetting aggravated assault. ECF No. 80, p. 2.

The Third Circuit has clearly outlined how the Court should determine whether a prior conviction qualifies as a crime of violence, stating:

> To determine whether a conviction qualifies as a crime of violence, courts use the categorical approach, which calls for a comparison of "the elements of the statute forming the basis of the defendant's conviction" with the definition of crime of violence. *Descamps v. United States*, ––– U.S. –––, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). Under this approach, we "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offense[ ], and *not* 'to the

3

> particular facts underlying th[e] conviction[ ]." *Id.* at 2283 (emphasis in original) (quoting *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).
>
> In the context of determining whether a conviction is a crime of violence, as defined by § 4B1.2(a)(1), we ask whether "the use or threat of physical force [against the person of another]" is an element of the offense. [*U.S. v. Brown*, 765 F.3d 185, 189 (3d Cir. 2014)] (alteration in original) (internal quotation marks omitted). If the statute has this element, or "defines the crime more narrowly," then the conviction can serve as a predicate offense. *See Descamps*, 133 S.Ct. at 2283. But if the "statute sweeps more broadly than the [Guidelines-defined crime of violence], a conviction under [that statute] is not a career offender predicate even if the defendant actually committed the offense in a way that involved the use (or threatened use) of physical force against another." *Brown*, 765 F.3d at 189 (internal quotation marks omitted).

*United States v. Chapman*, 866 F.3d 129, 133-34 (3d Cir. 2017).

"[H]owever, the categorical approach to reviewing a predicate conviction may be modified under certain conditions, namely when the statute at issue is divisible and when the record, based on so-called Shephard documents, establishes that a particular subsection of the statute is the basis of conviction." *United States v. Mayo*, 901 F.3d 218, 225 (3d Cir. 2018). Here, both parties agree that the modified categorical approach should be applied to § 2702(a)(4). ECF No. 98, p. 1; ECF No. 99, p. 1. Looking to the Third Circuit's holdings in *Mayo* and *United States v. Ramos*, the Court agrees. *Mayo*, 901 F.3d at 225 (applying the modified categorical approach to § 2702); *United States v. Ramos*, 892 F.3d 599, 610 (3d Cir. 2018) (finding that § 2702 is divisible and applying the modified categorical approach).

The Court must now determine whether an aggravated assault conviction under § 2702(a)(4) categorically constitutes a crime of violence under the Sentencing Guidelines. In *Ramos*, the Third Circuit held that § 2702(a)(4) is a crime of violence because it "categorically involves the use or attempted use of physical force." *Ramos*, 892 F.3d at 611. The Court, therefore, finds that § 2702(a)(4) is a crime of violence.

With the understanding that aggravated assault under § 2702(a)(4) is a crime of violence, the Court must now determine whether a conviction under § 2702(a)(4) based on a theory of accomplice liability is a crime of violence. In support of its argument that aiding and abetting a crime of violence is a crime of violence, the Government points the Court to *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007). In *Duenas-Alvarez*, the Supreme Court analyzed whether a conviction based on an aiding and abetting theory would qualify as a predicate offense under the Immigration and Nationality Act. *See* 549 U.S. 183. The Supreme Court determined that the conviction would not qualify as a predicate offense if the defendant could show there was something "special" about his state's version of aiding and abetting, "for example, that [the state] in applying [the statute] criminalizes conduct that most other States would not." *Id.* at 191. Specifically, the defendant would need to identify "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the general definition of a crime" and the defendant "must at least point to his own case or other cases in which the state courts did in fact apply the statute in the special (nongeneric) manner for which he argues." *Id.* at 193.

This test of determining whether there is something "special" about a state's aiding and abetting statute has since been applied outside of the Immigration and Nationality Act context. *See United States v. Carr*, 107 F.4th 636 (7th Cir. 2024) (applying the test used in *Duenas-Alvarez* when determining whether aiding and abetting a crime of violence is a crime of violence under the Sentencing Guidelines); *United States v. Yackel*, 990 F.3d 1132 (8th Cir. 2021) (applying the test used in *Duenas-Alvarez* when determining whether aiding and abetting a crime of violence is a crime of violence under the Armed Career Criminal Act).

5

In *Carr*, the Seventh Circuit determined that Illinois' aiding and abetting statute was not "special" and, therefore, a conviction for aiding and abetting armed robbery was a crime of violence under the Sentencing Guidelines. *See Carr*, 107 F.4th 636. In *Carr*, the defendant argued that Illinois' aiding and abetting statute embraced a form of liability that is outside the main-stream of accomplice liability because it set forth a common-design rule for liability. *Id.* at 653-54. Similarly, here, Defendant argues that Pennsylvania's aiding and abetting statute is "special" because "a defendant can be convicted under the statute for an omission that results in bodily injury." ECF No. 91, p. 1. Specifically, Defendant argues that he could be found guilty of aiding and abetting without having been found guilty of the underlying offense. *Id.* at 4.

Therefore, the Court, like in *Carr*, must determine whether Pennsylvania's aiding and abetting statute is uniquely broad, i.e. whether Pennsylvania would apply its statute to conduct that falls outside the general definition of a crime. The Court begins by stating that the burden is on the defendant to show that accomplice liability in Pennsylvania is "special." The Court does not find that Defendant has made that showing. While Defendant has argued that Pennsylvania's aiding and abetting statute punishes a defendant even if the defendant did not have the conscious objective to commit the crime, Defendant has not shown that the application of Pennsylvania's aiding and abetting statute would result in convictions that "would not be sustained in other jurisdictions." *Carr*, 107 F.4th at 665.

Additionally, as argued by the Government, Pennsylvania' aiding and abetting statute is narrower than the one addressed by the Seventh circuit in *Carr*. ECF No. 98, p. 5. As such, it would be contradictory for the Court to find that Pennsylvania's aiding and abetting statute is "special," when the Seventh Circuit did not find that Illinois' broader aiding and abetting statute is "special."

For these reasons, the Court finds that Defendant has not met his burden of demonstrating that Pennsylvania's aiding and abetting statute is "special" under the *Duenas-Alvarez* test.

Lastly, the Court must address Defendant's argument that because Pennsylvania's aiding and abetting statute can potentially criminalize reckless conduct, it cannot be a crime of violence under the Sentencing Guidelines. In support of this argument, Defendant cites *Borden v. United States*, 593 U.S. 420 (2021), which held that "[o]ffenses with a mens rea of recklessness do not qualify as violent felonies under [the Armed Career Criminal Act]. 593 U.S. at 445. However, while Defendant is correct that, in some instances, a defendant can be convicted for aiding and abetting other crimes with a mens rea of only recklessness, Defendant is incorrect that a defendant can be convicted of aiding and abetting aggravated assault with a mens rea of only recklessness. In *Com. v. Roebuck*, 32 A.3d 613 (Pa. 2011), the Supreme Court of Pennsylvania held that "the required culpability [in the accomplice scenario] derives from the mental state required for liability of a principal and may be of a lesser degree." 32 A.3d at 622-23. To state it another way, "a defendant may be held liable for a criminally negligent act under complicity liability 'if he has the requisite culpable mental state for the commission of the substantive offense, and he intentionally aids another in the crime.'" *Id.* at 624.

Therefore, because § 2702(a)(4) requires knowing or intentional conduct, and not merely reckless conduct, Defendant could only be convicted of aiding and abetting § 2702(a)(4) if he acted with knowing or intentional conduct. As such, the Supreme Court's holding in *Borden* is not applicable to the circumstances of this case.

For the reasons discussed above, Defendant's prior conviction for aiding and abetting aggravated assault, is a crime of violence under the Sentencing Guidelines.

### B. Controlled Substance Offense

The Court now turns to Defendant's argument that his prior conviction for possession with intent to distribute cocaine does not qualify as a controlled substance offense under the Sentencing Guidelines. Defendant argues that, in applying the modified categorical approach, the Court cannot find that the Pennsylvania statute is narrower or equivalent to the Federal statute. ECF No. 80, p. 6. Specifically, Defendant argues that Pennsylvania's definition of cocaine, at the time of Defendant's 2011 conviction, did not exclude Ioflupane. *Id.* at 7 (citing 35 Pa. state. § 780-104(2)(i)(4)). While the federal definition of cocaine, as of 2021, the date of Defendant's federal offense, did exclude Ioflupane. *Id.* (citing 21 C.F.R. § 1308.12(b)(4)). Based on this, Defendant argues that the Pennsylvania statute is broader than the federal statute and his prior conviction is not a controlled substance offense under the Sentencing Guidelines.

The Court disagrees. As argued by the Government, the Third Circuit has squarely addressed this issue in *United States v. Lewis*, 58 F.4th 764 (3d Cir. 2023), *cert. denied*, 144 S. Ct. 489 (2023). In *Lewis*, the defendant argued that because the Controlled Substances Act, "at the time of [the defendant's sentencing,] defined marijuana more narrowly than did New Jersey law at the time of his state conviction, . . . his prior state conviction did not qualify as a predicate offense." 58 F.4th at 767. The Third Circuit held that a "controlled substance" under the Sentencing Guidelines "is a drug regulated by either state or federal law" and "[i]t is therefore irrelevant that the New Jersey statute under which [the defendant] was convicted defined 'marijuana' more broadly than federal law." *Id.* at 771. Additionally, the Third Circuit held that the Court must look at how the state regulated the controlled substance at the time of the defendant's prior conviction to determine whether the defendant's conviction is a controlled substance offense. *Id.*

8

Applying that analysis here, the Court finds that Defendant's prior conviction is a controlled substance offense, even though Ioflupane was not regulated federally at the time of Defendant's federal offense. This is because the Sentencing Guideline's "definition of 'controlled substance offense' includes drugs regulated by state law at the time of the predicate state conviction, even if they are not federally regulated or are no longer regulated by the state at the time of the federal sentencing." *Id.* at 773. Here, Pennsylvania regulated Ioflupane at the time of Defendant's prior conviction, so the Court finds that Defendant's prior conviction is a controlled substance offense.

### III. Conclusion

For the reasons discussed above, the Court will overrule Defendant's objections to his classification as a career offender.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: August 28, 2024

cc: All counsel of record